# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HARLAN LYNN, ) | | |
| ID # 46080-177, ) | | |
|     Movant, ) | | No. 3:15-CV-1819-N |
| vs. ) | | No. 3:13-CR-100-N |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|     Respondent. ) | | Referred to U.S. Magistrate Judge |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251* and the order dated June 6, 2017, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the movant's new claims that were raised in his objections to the recommended dismissal of his motion to vacate, received May 9, 2017 (doc. 27), should be **DENIED** with prejudice.

## I. BACKGROUND

James Harlan Lynn (Movant), a federal prisoner, was convicted after pleading guilty to Count Two of an indictment charging him with possession of an unregistered firearm in violation of 26 U.S.C. §§ 5845(a)(1) and (2), 5861(d), and 5871, and was sentenced to 96 months' imprisonment. (*See* doc. 34.)[1] He filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, alleging that his right to due process was violated because counsel was ineffective for lack of competence, a breach of a fiduciary duty, and having a conflict of interest. He claimed that counsel had misstated that Movant was arrested in a Ford Sport Trac, that there were questions about whether the shotgun alleged in the indictment was found in his car or in his home, that the search warrant for his home was not signed and dated, that his girlfriend pled guilty to possessing

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-100-N.

the firearm found in her car, and that there was a question about how he could have known that the Ford Sport Trac was stolen. He also contended that his plea was involuntary because counsel was ineffective, the searches of his car and home were illegal, and the PSR erred regarding his possession of the firearm found in his girlfriend's car. On April 3, 2017, it was recommended that the § 2255 motion be denied with prejudice. (*See* 3:15-CV-1819-N, doc. 24.)

On May 9, 2017, Movant objected to the recommended dismissal of § 2255 motion. (*See id.*, doc. 27.) He contended, in part, that the recommendation did not address all of the claims he had raised. His objections were overruled, and the recommendation was accepted. (*See id.*, doc. 28.) Because they raised claims that had not actually been raised in the § 2255 motion, the objections were liberally construed as a motion to amend his § 2255 motion to add those new claims, and the motion was granted. (*See id.*) His new claims assert that:

(1) counsel was ineffective for

    (a) failing to file a motion to suppress evidence obtained from his arrest and the search of his vehicle, and his statements on March 25, 2011, and

    (2) failing to object to the application of a sentencing guideline; and

(2) his plea was involuntary based on his new ineffective assistance of counsel claims.

(3:15-CV-1819-N, doc. 27 at 5-10, 15-18.)[2]

---

[2] Movant also claims in his objections that counsel was ineffective for failing to (1) file a motion to suppress evidence obtained from the search of his residence on grounds that the search warrant was unsigned; (2) file a motion to suppress his statement to an agent about the firearm found in his girlfriend's car on grounds that it was coerced; and (3) object to a sentencing guideline that was based on that allegedly coerced statement. (*See* doc. 27 at 6, 10-15.) These claims were raised in his initial § 2255 motion and were addressed in the *Findings, Conclusions, and Recommendation*. (*See* doc. 24 at 9-11.)

## II. INEFFECTIVE ASSISTANCE OF COUNSEL[1]

Movant contends that counsel was ineffective for lack of competence, for breaching a fiduciary duty, and for having a conflict of interest, and that his ineffective assistance violated Movant's right to due process.

**A.     Motions to Suppress**

   **1.**     *Arrest*

Movant contends that because he was illegally arrested without probable cause, counsel should have filed a motion to suppress evidence obtained as a result of his illegal arrest.

A warrantless arrest is justified if the arresting officers had probable cause to believe that the defendant had committed either a felony or misdemeanor crime. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001). Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. *Watson*, 273 F.3d at 602.

As noted in the *Findings, Conclusions and Recommendation*, officers located a stolen Ford Sport Trac vehicle and conducted surveillance on it. They observed Movant and Ramiro Sustaita Ramirez drive up in a Chrysler Crossfire and park next to the Sport Trac. Ramirez entered the Sport Trac, started it, and began to back out. The officers then arrested Movant and Ramirez. The sawed-off shotgun was found in Movant's vehicle, and he admitted knowledge of it and said he was delivering it to a "chop shop" with the stolen vehicle. The shotgun was reported stolen from a residence on March 17, 2011. (*See* doc. 24-1 at 4-5, ¶ 11.) Counsel could have reasonably

---

[1] Because the relevant standards were set forth in the *Findings, Conclusions, and Recommendation*, they will not be repeated here.

concluded that a court would find that the officers had probable cause to believe that Movant assisted Ramirez in picking up a stolen vehicle, and that a motion to suppress based on a claim of an illegal arrest would have been meritless. Counsel was not ineffective for failing to raise a meritless argument. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections").

### 2. *Statements after Arrest*

Movant contends counsel should have filed a motion to suppress his statements made after his arrest because he had not been given *Miranda* warnings. His claim is contradicted by the record.

In the factual resume, Movant admitted and acknowledged that on March 25, 2011, and April 6, 2011, he knowingly and voluntarily waived his *Miranda* rights and told police and federal agents that he possessed the sawed-off shotgun at the time of his arrest. (*See* doc. 14 at 2-3.) He testified under oath that the facts set out in the factual resume were true. (*See* doc. 42 at 23.) Movant has failed to overcome the presumption of veracity given to his sworn statements in court, and the presumption of affording great evidentiary weight to court records. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Counsel could have reasonably concluded that a court would find that Movant's statements were made after he was given *Miranda* warnings, and that a motion to suppress the statements would have been meritless. *See Kimler*, 167 F.3d at 893 (5th Cir. 1999); *see also Koch*, 907 F.2d at 527.

### 3. *Search of Vehicle*

Movant contends that counsel should have filed a motion to suppress evidence obtained from the search of his vehicle because there was no probable cause for the search, and someone was

4

coming to retrieve the car, so an inventory search was not necessary.

Under the Fourth Amendment, warrantless searches are presumptively unreasonable. *Horton v. California*, 496 U.S. 128, 133 (1990). A warrantless search of a vehicle incident to an arrest is justified "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 343 (2009).

Here, the warrantless search was incident to Movant's arrest. Counsel could have reasonably concluded that a court would find that it was reasonable for the officers to believe that evidence relevant to the taking of the stolen vehicle might be found in Movant's car under the circumstances, and that a motion to suppress the evidence from his car would have been meritless. *See Kimler*, 167 F.3d at 893 (5th Cir. 1999); *see also Koch*, 907 F.2d at 527.

**B.**     **Objection to a Sentencing Guideline**

Movant contends that counsel was ineffective for failing to object to the four-level increase under USSG §2K1.(b)(6)(B) for possession of the shotgun in connection with theft of the vehicle, because he did not know that the vehicle was stolen, and the evidence relied upon for the offense level increase was inherently unreliable.

Movant told law enforcement that he was delivering the shotgun to a "chop shop" with the stolen vehicle. (*See id.* at 5, ¶ 12.) He was convicted of theft of the Sport Trac in Cause No. F-1113011 in the 203rd Judicial District Court of Dallas County, Texas, on April 19, 2012, and received a two-year sentence. (*See* doc. 24-1 at 16, ¶ 64.) Counsel could have reasonably concluded that an objection to the sentencing guideline for possession of the shotgun in connection with the stolen vehicle would have been meritless. *See Kimler*, 167 F.3d at 893 (5th Cir. 1999); *see also Koch*, 907 F.2d at 527.

Additionally, counsel successfully argued that the theft of the stolen vehicle was relevant conduct for which Movant had been convicted and sentenced in state court and persuaded the Court to take the state sentence into account; this resulted in a reduction of the sentence from 120 months to 96 months. (*See* docs. 35 at 3; 42 at 4-5.) If counsel could have successfully established that Movant had no knowledge that the vehicle was stolen, he would not have received a four-level increase for possessing the shotgun in connection with the theft of the vehicle, and the theft of the vehicle would not have been considered as relevant conduct. The offense level would have been 26, with a guideline range of 120-150 months. The 120-month sentence would not have been reduced by two years to 96 months to take into account the state sentence for the theft of the vehicle, so Movant would have received a higher sentence.

Movant has not shown deficient performance or prejudice in connection with his new ineffective assistance of counsel claims.

### III. VOLUNTARINESS OF PLEA

Movant contends that his plea was involuntary because counsel was ineffective. As discussed, he has not shown that counsel was ineffective based on his new claims, and he has not shown that his plea was involuntary on that basis.

### IV. RECOMMENDATION

The new claims lack merit, and they should be **DENIED** with prejudice.

**SO RECOMMENDED** this 12th day of June, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                            _____
                                                                                           IRMA CARRILLO RAMIREZ
                                                                                           UNITED STATES MAGISTRATE JUDGE